IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02395-BNB

STANLEY L. WADE,

Applicant,

v.

BLAKE R. DAVIS, Warden,

Respondent.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 2 9 2010

GREGORY C. LANGHAM
CLERK

ORDER OF DISMISSAL

Applicant, Stanley L. Wade, is a prisoner in the custody of the United States Bureau of Prisons (BOP) who currently is incarcerated at the Federal Prison Camp in Florence, Colorado. Mr. Wade initiated this action by filing *pro se* on October 1, 2010, an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. He has paid the $5.00 filing fee for a habeas corpus action.

On October 7, 2010, Magistrate Judge Boyd N. Boland ordered Respondent to file a preliminary response to the habeas corpus application and address the affirmative defense of exhaustion of administrative remedies. On October 26, 2010, Respondent filed a preliminary response. Mr. Wade filed a reply on November 4, 2010.

The Court must construe Mr. Wade's filings liberally because he is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se*

litigant's advocate. See Hall, 935 F.2d at 1110. For the reasons stated below, the application will be denied and the action dismissed.

Mr. Wade asserts one claim in the application, i.e., "[l]oss of good conduct credit consequence of false incident report and hearing before a partial hearing officer." Application at 3. In general, he asserts his constitutional rights were violated when he received a disciplinary conviction on April 22, 2010, for unexcused absence from work or assignment. He alleges that the side effects of prescribed medication he took for hypertension caused the absence from his food-service assignment. Due to the April 22 disciplinary conviction, he was sanctioned by the loss of privileges for sixty days. He complains that the disciplinary conviction led to further sanctions and to the loss of good-conduct time.

As relief, Mr. Wade seeks the expungement of the April 22, 2010, incident report and of a second incident report he received on April 30, 2010, for lying to staff, which resulted in the loss of good-conduct time. The Court notes that habeas corpus relief is not available as to the April 22 incident which only resulted in a loss of privileges. While the loss of good-conduct time may create a liberty interest protected by the Due Process Clause, see Wolff v. McDonnell, 418 U.S. 539, 555-58 (1974), the loss of privileges does not affect any protected liberty interest warranting habeas corpus relief. See Sandin v. Conner, 515 U.S. 472, 478 (1995). To the extent Mr. Wade wishes to challenge the loss of privileges, he may not do so in a habeas corpus action.

Respondent argues that Mr. Wade has failed to exhaust BOP administrative remedies before seeking federal court intervention. Respondent contends that the

2

April 22, 2010, incident is not the incident for which Mr. Wade lost good-conduct time and for which he seeks relief. Respondent contends Mr. Wade lost good-conduct time for the April 30, 2010, incident, and has not exhausted BOP administrative remedies as to the April 30 incident. As such, Respondent argues that the claim should be dismissed for failure to exhaust. Respondent concedes that Mr. Wade has exhausted administrative remedies for the April 22 incident.

Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986); *see also Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). The exhaustion requirement is satisfied only through proper use of the available administrative procedures. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function properly without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91.

The BOP administrative remedy program is available to federal prisoners such as Mr. Wade. *See* 28 C.F.R. §§ 542.10 - 542.19. The administrative remedy program allows "an inmate to seek formal review of an issue which relates to any aspect of his/her confinement." 28 C.F.R. § 542.10(a). Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals. *See* 28 C.F.R. § 542.14 - 542.15.

3

Mr. Wade alleges in the application that he has exhausted BOP administrative remedies. Application at 3. However, in his reply he attempts to link the exhaustion of remedies for the April 22, 2010, incident with the exhaustion of remedies for the April 30, 2010, incident because, in his opinion, the April 22 incident led to the April 30 incident. Therefore, he argues, the loss of good-conduct time was a collateral consequence of the April 22 incident.

The Court is not convinced. The record shows that Mr. Wade has not exhausted BOP administrative remedies as to the relief he seeks, i.e., restoration of his lost good-conduct time. Therefore, the Court finds that Mr. Wade has failed to exhaust administrative remedies.

The application will be denied and the action dismissed for failure to exhaust the BOP's three-step administrative remedy procedure prior to initiating the instant lawsuit. Accordingly, it is

ORDERED that the application is denied and the action dismissed without prejudice for failure to exhaust the Bureau of Prisons' three-step, administrative-remedy procedure before seeking federal court intervention.

DATED at Denver, Colorado, this __29th__ day of ___December___, 2010.

BY THE COURT:

                                          s/Lewis T. Babcock
                                          LEWIS T. BABCOCK
                                          Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02395-BNB

Stanley L. Wade
Reg No. 02662-081
FPC - Florence
P.O. Box 5000
Florence, CO 81226-5000

William Pharo
Assistant United States Attorney
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on December 29, 2010.

GREGORY C. LANGHAM, CLERK


By:_____
                Deputy Clerk