FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 15 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02395-LTB

STANLEY L. WADE,

    Applicant,

v.

BLAKE R. DAVIS, Warden,

    Respondent.

## ORDER DENYING MOTIONS TO RECONSIDER

Applicant, Stanley L. Wade, filed *pro se* on February 10, 2011, a motion titled "Request to Submit for Decision," and filed on March 3, 2011, a motion titled "Renewed Request to Submit for Decision With Supplemental Facts." The Court must construe the motions liberally because Mr. Wade is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motions will be treated as motions to reconsider and will be denied.

A litigant subject to an adverse judgment who seeks reconsideration by the district court of that adverse judgment may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed more than twenty-eight days after the final judgment in an action should be considered pursuant to Rule 60(b). *See id.* at 1243.

Mr. Wade's motions to reconsider, which were filed more than twenty-eight days after the judgment was entered in this action, will be considered pursuant to Fed. R. Civ. P. 60(b).

Relief under Rule 60(b) is appropriate only in extraordinary circumstances. **See Massengale v. Oklahoma Bd. of Examiners in Optometry**, 30 F.3d 1325, 1330 (10th Cir. 1994). Parties may not use a Rule 60(b) motion as a tool to rehash previously presented arguments already considered and rejected by the Court, nor can it be used to present new arguments based upon law or facts that existed at the time of the original argument. **FDIC v. United Pac. Ins. Co.**, 152 F.3d 1266, 1272 (10th Cir. 1998). Parties seeking relief under Rule 60(b) must overcome a high hurdle because such a motion "is not a substitute for appeal." **Bud Brooks Trucking Inc. v. Bill Hodges Trucking Co., Inc.**, 909 F.2d 1437, 1440 (10th Cir. 1990).

Mr. Wade initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. On October 7, 2010, Magistrate Judge Boyd N. Boland ordered Respondents to file a preliminary response to the habeas corpus application and address the affirmative defense of exhaustion of administrative remedies. On October 26, 2010, Respondents filed a preliminary response arguing that Mr. Wade failed to exhaust his administrative remedies prior to initiating his lawsuit. On November 4, 2010, Mr. Wade submitted a reply.

On December 29, 2010, the Court entered an order denying the application and dismissing the action for Mr. Wade's failure to exhaust administrative remedies. Judgment also was entered on December 29.

2

In the February 10 and March 3 motions to reconsider, Mr. Wade contends he previously filed a motion to reconsider on January 7, 2011. Docket entries for this action do not reflect the receipt of such a motion and nothing in the February 10 or March 3 motions convinces the Court that Mr. Wade completed the process of exhausting his administrative remedies as of December 29, the date that this action was dismissed.

Federal prisoners must exhaust their administrative remedies prior to filing a habeas application under § 2241. **Williams v. O'Brien**, 792 F.2d 986, 987 (10th Cir. 1986); *see also* **Fazzini v. Northeast Ohio Corr. Center**, 473 F.3d 229, 231-32 (6th Cir. 2006). Therefore, "[i]n most circumstances, . . . , it is not proper to permit an applicant for habeas relief to initiate litigation before he has exhausted administrative remedies." **Hernandez v. Davis**, No. 07-cv-02406-REB-MEH, 2008 WL 2955856, at *2 (D. Colo. July 30, 2008) (unpublished decision). In this case, it is clear that Mr. Wade did not complete exhaustion of his administrative remedies prior to filing his § 2241 application, and even if he now has completed exhaustion of his administrative remedies, this provides no grounds for reconsideration because Mr. Wade was required to exhaust his remedies prior to filing a habeas application in federal court. *See* **Williams**, 792 F.2d at 987. Therefore, Mr. Wade has not demonstrated any extraordinary circumstances that would justify relief under Rule 60(b). The motions to reconsider will be denied. *See* **Massengale**, 30 F.3d at 1330.

Accordingly, it is

ORDERED that the motion titled "Request to Submit for Decision" that Applicant, Stanley L. Wade, filed *pro se* on February 10, 2011, and the motion titled "Renewed Request to Submit for Decision With Supplemental Facts" he filed on March 3, 2011, both of which the Court has treated as motions to reconsider pursuant to Fed. R. Civ. P. 60(b), are denied.

DATED at Denver, Colorado, this __15th__ day of __March__, 2011.

BY THE COURT:


__s/Lewis T. Babcock__
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02395-BNB

Stanley L. Wade
Reg No. 02662-081
FPC - Florence
P.O. Box 5000
Florence, CO 81226-5000

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on December 29, 2010.

                                        GREGORY C. LANGHAM, CLERK

                                        By: _____
                                                       Deputy Clerk